# Rex Corey and Patricia Corey v. Furgat Tractor & Equipment, Inc. and Pasquali U.S.A., Inc.

[520 A.2d 600]

No. 84-370

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed December 5, 1986

Motion for Reargument Denied December 5, 1986

*Joseph M. O'Neill*, Rutland, for Plaintiffs-Appellees.

*French & Zwicker, P.C.*, Brattleboro, for Defendants-Appellants.

**Hill, J.** Plaintiffs instituted the present action for breach of implied warranties of merchantability and fitness for a particular purpose. Trial was by jury, and a verdict was rendered against defendant, Furgat Tractor & Equipment, Inc. Defendant appeals. We reverse.

On April 7, 1981, the plaintiffs purchased a tractor manufactured by Pasquali U.S.A., Inc. to use in a logging business. Defendant sold the tractor with a manufacturer's warranty stating that the product was "free from defects in material or workman-

ship under normal use and service." The warranty obligated Pasquali U.S.A., Inc. to repair or replace parts proven to be defective within twelve months of delivery. The warranty also contained the following disclaimer:

> THIS WARRANTY IS IN LIEU OF ALL OTHER WARRANTIES, EXPRESS OR IMPLIED, INCLUDING WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE AND OF ALL OTHER LIABILITIES OR OBLIGATION ON THE PART OF PASQUALI . . . . IN NO EVENT . . . SHALL PASQUALI BE LIABLE FOR INCIDENTAL OR CONSEQUENTIAL DAMAGES

Approximately one month after date of delivery, the tractor broke down. The testimony regarding defendant's efforts to repair plaintiffs' tractor is conflicting. Plaintiffs concede, however, that defendant ordered and ultimately provided them with the necessary parts free of charge. Although plaintiffs claimed that the tractor broke down on two other occasions during the summer, they did not contact defendant again until they commenced this lawsuit in December, 1981.

Plaintiffs alleged that defendant knew that they were going to use the tractor to haul logs, and that he implicitly warranted that it was fit for that particular purpose. They sought $15,000 damages, losses they claimed were directly attributable to defendant's breach of warranty. On appeal, plaintiffs rely on three lost logging contracts they were unable to complete to support the jury's $14,000 verdict. The contracts were for $3,000, $4,500, and $6,500 respectively.

█ Implied warranties of merchantability and fitness for a particular purpose cannot be disclaimed where the goods sold are new or unused consumer goods. See 9A V.S.A. § 2-316(5); *Lectro Management, Inc.* v. *Freeman, Everett & Co.*, 135 Vt. 213, 216, 373 A.2d 544, 546 (1977). For purposes of 9A V.S.A. § 2-316(5), however, a "consumer" is defined as a person "who purchases, leases, contracts for, or otherwise agrees to pay consideration for goods or services not for resale in the ordinary course of his trade or business but for his use or benefit . . . or in connection with the operation of his household . . . ." 9 V.S.A. § 2451a(a). We have previously interpreted § 2451a(a) to impose the limitation on disclaimers contained in § 2-316(5) only in the cases of "trans-

actions of a personal, family or household nature." *Barrett* v. *Adirondack Bottled Gas Corp.*, 145 Vt. 287, 294, 487 A.2d 1074, 1077-78 (1984). In *Barrett*, we held that a buyer who uses goods for commercial purposes is not a "consumer" for purposes of § 2451a(a). *Id.* In this case, plaintiffs purchased the tractor for use in a logging business, a commercial purpose within the meaning of *Barrett*. Thus, plaintiffs are not "consumers" insofar as the disputed transaction is concerned, and the question for determination reduces to whether defendant effectively disclaimed the implied warranties upon which plaintiffs' recovery depends.

■ In order to effectively disclaim or modify a warranty of merchantability, the disclaimer "must mention merchantability and in the case of a writing must be conspicuous . . . ." 9A V.S.A. § 2-316(2). "[T]o exclude or modify any implied warranty of fitness [for a particular purpose] the exclusion must be by a writing and conspicuous." *Id.* Defendant's disclaimer fulfills all of these requirements and is, therefore, enforceable. See *Lectro*, *supra*, 135 Vt. at 216, 373 A.2d at 546.

We do not suggest that this disclaimer would be effective as to an inconsistent or contradictory express warranty contained in the contract. See *Cuthbertson* v. *Clark Equipment Co.*, 448 A.2d 315, 320 (Me. 1982) ("A disclaimer of warranties is ineffective to the extent that it is inconsistent with any express warranty."); see also 9A V.S.A. § 2-313 Uniform Laws Comment (" 'Express' warranties rest on 'dickered' aspects of the individual bargain, and go so clearly to the essence of that bargain that words of disclaimer in a form are repugnant to the basic dickered terms."). Plaintiffs nowhere allege, however, that defendant expressly warranted in writing, by way of a description of the goods or otherwise, that the tractor was fit for logging purposes. Although Rex Corey testified at trial that a sales representative at defendant's place of business told him that the tractor was fit for logging purposes, he expressly stated on appeal that he was not pursuing an express warranty theory of recovery. Since there is no express warranty theory made out on the record, and the defendant disclaimed any warranties of merchantability or fitness for a particular purpose, the judgment of the lower court must be reversed.

*Reversed.*

## On Motion for Reargument

**Per Curiam.** Plaintiffs-appellees filed a timely motion to reargue under V.R.A.P. 40, which, after consideration, the Court finds does not state any points of law or fact overlooked or misapprehended which would affect the result. We have, however, recalled the opinion and redrafted certain portions thereof in order to clarify our discussion of the statutory limitation, contained in 9A V.S.A. § 2-316(5), on the disclaimer of implied warranties in consumer transactions. The revision made does not change the result.

*Motion for reargument denied. See Mancini v. Mancini, 143 Vt. 235, 240, 465 A.2d 272, 275 (1983).*